UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| WILLIE J. LUCKEY, JR. | : | **CIVIL NO.  1:07-CV-1759** |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of | : | |
| Social Security, | : | |
| | : | |
| Defendant | : | |


## REPORT AND RECOMMENDATION

The plaintiff has brought this civil action under the authority of 42 U.S.C. § 405(g) to obtain judicial review of the decision of the Commissioner of Social Security denying the claim of the plaintiff for Social Security disability insurance benefits.

On November 9, 2005, the plaintiff, Willie J. Luckey, Jr. applied for disability insurance benefits.  He claimed that he became disabled on August 19, 2005, as the result of Diabetes Mellitus, Osteoarthritis, Degenerative Joint Disease, Bilateral Tibial Nerve Neuropathy, L4-L5 Radiculopathy, Bilateral Ankle Impairment, Chronic Back Syndrome, an affective disorder characterized by depression and other impairments.  The claim was denied initially and on reconsideration.  The plaintiff filed a

request for a hearing, and a hearing was held before an administrative law judge (ALJ) on April 18, 2007.  (Tr. 325-348).

At this hearing the plaintiff and a vocational witness testified.  The plaintiff, 33 years old, stated that he graduated from high school and served for a period of time in military service.  He last worked in August of 2005.  He worked for Motorola, and then for a short period at Factory Outlet.  He left his last job because of ankle problems.  Previously, he had been a bouncer at a club and had worked for Vector Security.  He had worked in military security in the Army National Guard from 1997-2003.  He also has worked as a forklift truck driver.  At his hearing, he used a cane and had specialized boots.  He has severe ankle problems.

He stated that he walks, without the cane, no more than 30 to 40 yards.  He has problems with sitting, attributable to his back.  In addition to his back problems and ankle problems, he had diabetes.  He must be careful about his diet.

His pain causes his night time sleeping to be limited to about four hours.  He does watch his daughter and sometimes his nieces and nephews during the day.  He prepares his own meals.  He limits his driving to trip of less than ten minutes.

2

He can not stand for an extended time without experiencing pain in his ankles and back.  He has difficulty in bending over. He takes pills for his pain.

The vocational witness stated that the plaintiff had performed light, unskilled work and medium unskilled work.  He had performed some skilled light work, in sales.  If he is limited to lifting of ten pounds occasionally, to two hours of standing and walking in an eight hour day, to six hours of sitting, occasional climbing and balancing, and is able to alternate between sitting and standing, he could not perform past relevant work.  He could perform certain jobs identified by the vocational witness, however, all of which would be sedentary and unskilled jobs.  But if he were to need to take two or three naps a day he could not hold a job.

The claimant, in the course of the vocational witness' testimony, stated that each day he must take two to three naps of about an hour each nap.

On May 30, 2007, the ALJ issued her decision denying the plaintiff benefits.  (Tr. 15-21).  The Appeals Council denied the plaintiff's request for review (Tr.5-7), making the ALJ's decision

3

the final decision of the Commissioner.

The plaintiff filed his complaint with this court on September 26, 2007.  The defendant filed an answer to the complaint and a copy of the administrative record on November 20, 2007.  Pursuant to Local Rules 83.40.4 and 83.40.5, the plaintiff filed his brief on December 19, 2007 and the defendant filed his brief on January 16, 2008.  Plaintiff filed a reply brief on January 22, 2008.

If the Commissioner's decision is supported by substantial evidence it must be affirmed. 42 U.S.C. § 405(g).  Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999)(quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995).  Substantial evidence is more than a mere scintilla of evidence but less than a preponderance.  *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).

A single piece of evidence is not substantial evidence if the Commissioner ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993).  However, in an adequately developed factual record, substantial evidence may be "something

4

less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the decision] from being supported by substantial evidence." *Consolo v. Federal Maritime Comm'n*, 383 U.S. 607, 620 (1966).

To facilitate review of the Commissioner's decision under the substantial evidence standard, the Commissioner's decision must be accompanied by "a clear and satisfactory explication of the basis on which it rests." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). Conflicts in the evidence must be resolved and the Commissioner must indicate which evidence was accepted, which evidence was rejected, and the reasons for rejecting certain evidence. *Id.* at 706-707. In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole. *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981).

The Commissioner has promulgated regulations creating a five-step process to determine if a claimant is disabled. The Commissioner must sequentially determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals a listed impairment; (4) whether the

claimant's impairment prevents the claimant from doing past relevant work; and, (5) whether the claimant's impairment prevents the claimant from doing any other work.  *See* 20 C.F.R. § 404.1520 and 20 C.F.R. § 416.920.

The disability determination involves shifting burdens of proof.  The initial burden rests with the claimant to demonstrate that he is unable to engage in his past relevant work.  If the claimant satisfies this burden, then the Commissioner must show that jobs exist in the national economy that a person with the claimant's abilities, age, education, and work experience can perform.  *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993).

In this case the ALJ determined that the plaintiff has not engaged in substantial gainful activity since the alleged onset date, that he has a combination of impairments which in combination are severe, that his combination of impairments does not meet or equal any listed impairments, and that he is not able to perform his past relevant work.  The ALJ further determined that the plaintiff has the residual functional capacity[1] to perform a wide range of sedentary jobs and to perform particular jobs

---

1.  "Residual Functional Capacity" is "that which an individual is still able to do despite the limitations caused by his or her impairment(s)." *Burnett v. Commissioner of Social Security Adm.,* 220 F.3d 112, 121 (3d Cir. 2000) (quoting *Hartranft v. Apfel*, 181 F.3d 358, 359 n.1 (3d Cir. 1999)).

identified by the vocational witness.

On the basis of these findings, the ALJ found the plaintiff not to be disabled.

The plaintiff on appeal argues that the ALJ erred.  It is argued that there is not substantial evidence to support the conclusion that the plaintiff is not disabled as a result of pain. It is also argued that the ALJ erroneously failed to consider the plaintiff's testimony about his daily naps and the vocational witness' testimony about the effect of the naps on the ability to perform the requirements of substantial gainful activity.

The ALJ has found that claimant to be unable to perform his past relevant work.  Therefore, the burden has shifted to the Commissioner to demonstrate that there are jobs that the claimant can perform other than his past relevant work.  *Mason, supra.* The ALJ has acknowledged that the claimant's "subjective complaints and limitations" are material in this analysis.  The ALJ has found that "the claimant's complaints are inconsistent with the clinical and diagnostic findings found of record particularly as they relate to the claimant's exertional and nonexertional abilities." (Tr. 18).  Having said that, however, the ALJ did not proceed to refer to the record to support that statement.  Instead, the ALJ

7

moved on to state the following generalities:

> .   .   .   [M]ost organic diseases produce
> manifestations other than pain and it is possible
> to evaluate the underlying processes and degree if
> resultant impairment by considering all of the
> symptoms.   Generally, when an individual has
> suffered pain over an extended period of time,
> there will be observable signs such as significant
> weight loss, an altered gait or limitation of
> motion, local morbid changes, or poor coloring or
> station.   In the present case, the claimant has
> complained of pain over an extended period of time.
> None of the above signs of chronic pain is evident.
> While not conclusive, this factor contributes to
> the determination that the claimant is not disabled
> as a result of pain.

(Tr. 18).

Imprecise quantitative adjectives and adverbs such as

"most" and "generally" do not permit a reviewing court to decide

with confidence that a fact finder has based a decision on

substantial evidence.   The fact finder is implicitly stating that

she has knowledge of the relationship between observable physical

manifestations and subjective symptoms and is able to distinguish

the presence of and degree of pain from observing a person during

a brief hearing, but does not demonstrate the scientific

reliability of the knowledge.   The method used in applying the

knowledge in the context of one single observation of a subject is

not explained, which stands out when the expressed observations

refer to a standard that is based upon changes in a subjects

appearance over time.

8

The plaintiff's brief points to record evidence that shows that the plaintiff has been making statements to physicians about his pain for an extended period of time.

An individual's statements about his pain are not conclusive.  There must be a condition objectively shown that could reasonably cause the pain.  But when an ALJ finds, as did the ALJ here, that a claimant has a condition that could reasonably cause the pain and limitations alleged, the pain must be considered by the ALJ.  *Smith v. Califano*, 637 F.2d 968 (3d Cir. 1981); 42 U.S.C. § 423(d)(5).  A claimant need not prove a direct cause-and-effect relationship between the physical impairment and the plaintiff's pain.  *Baegra v. Richardson*, 500 F.2d 309 (3d Cir. 1974), cert. denied, 420 U.S. 931.  An ALJ's lay opinion based upon the ALJ's own observations is not substantial evidence; an ALJ may not reach a conclusion based upon mere observation at the hearing, and may not substitute her own judgment for medical evidence and uncontroverted testimony.  *Aquino v. Harris,* 516 F.Supp. 265 (E.D.Pa. Apr 17, 1981).  While there must be objective evidence of some condition that could reasonably produce pain, there need not be objective evidence of pain itself.  *Green v. Schweiker,* 749 F.2d 1066 (3d Cir. 1984).

In consideration of the explanatory burden of the ALJ, *Cotter, supra,* and of the finding here that the plaintiff has severe impairments that could reasonably produce symptoms of the kind expressed by the plaintiff, a more evidence-based explanation for rejecting the plaintiff's testimony is needed, or else the application should be granted.  The case should be remanded for that purpose.

We also consider the plaintiff's argument to have merit that the ALJ had to consider and to state findings and to state reasons for findings as to the plaintiff's testimony concerning his need for naps which, if true, according to the vocational witness, would cause the plaintiff to be unable to perform a job satisfactorily.  The ALJ in discussing the vocational witness' testimony, Tr. 20, did not discuss the third hypothetical question, Tr. 344-346, or explain why the third hypothetical person is not materially the same person as the plaintiff.  If the ALJ finds that the plaintiff does not need naps or can change his life so as not to need naps, that finding should be made and the reason(s) for it should be stated.  This also is an issue that needs to be expressly considered on remand.

It is recommended that this case be remanded to the Commissioner for further consideration.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  January 30, 2008.